Electronically Filed - TANEY - February 01, 2024 - 04:03 PM

IN THE CIRCUIT COURT OF TANEY COUNTY,
STATE OF MISSOURI

| | | |
|---|---|---|
| D.L., INDIVIDUALLY AND AS PARENT AND NEXT FRIEND OF C.L., A.L., AND S.L, MINOR CHILDREN; L.B., INDIVIDUALLY AND AS PARENT AND NEXT FRIEND OF L.B., A MINOR CHILD; AND K.P., INDIVIDUALLY AND AS PARENT AND NEXT FRIEND OF H.P., A MINOR CHILD, | § | Case No. |
| | § | Div.: |
| PLAINTIFFS, | § | |
| VS. | § | |
| GRAND PLAZA HOTEL, LLC, | § | JURY TRIAL DEMANDED |
| DEFENDANT. | § | |

## ORIGINAL PETITION FOR DAMAGES AND JURY DEMAND

1. Plaintiffs D.L., individually and as Next Friend of C.L., A.L., and S.L., minor children; L.B., individually and as Next Friend of L.B., a minor child; and K.P., individually and as Next Friend of H.P., a minor child, ("Plaintiffs") trusted that their families would be safe when they visited and stayed at the "finest hotel in Branson, Missouri," the Grand Plaza Hotel ("Grand Plaza," "Defendants").[1] Little did they know, an exciting weekend of traveling for their children's youth baseball tournament would end with a horrible and terrifying incident.

2. A safe environment and peace of mind are what patrons pay for and expect when staying at the Grand Plaza Hotel. Instead, their worst nightmare became a reality when their families

[1] *Grand Plaza Hotel Website*, https://grandplazabranson.com/ (last visited November 22, 2023).



EXHIBIT
A
exhibitsticker.com

Electronically Filed - TANEY - February 01, 2024 - 04:03 PM

suffered serious physical, emotional, and mental injuries because of the failures of Grand Plaza. Plaintiffs bring this lawsuit on their families' behalf asking for answers and asking that Grand Plaza Hotel accept responsibility in addition to damages allowable by law.

## I. STATEMENT OF FACTS

3. On May 8, 2021, a youth baseball team from out of town, excitedly chose to stay at the Grand Plaza Hotel on Mother's Day weekend looking forward to a safe venue where the team could rest and spend time together while visiting for a nearby baseball tournament. After a long day of hard work on the baseball fields, the team decided it was time to unwind and relax together. The Grand Plaza Hotel advertises to its guests a beautiful indoor pool and hot tub as a place for guests to "unwind and relax" and "to rejuvenate your mind and body!"[2] As any patron staying at an "upscale" hotel, the baseball team headed to the pool and hot tub trusting that all would be safe.[3] However, their health and safety was completely disregarded by the negligent acts of Grand Plaza Hotel and its employees. Grand Plaza Hotel failed to adhere to the safety and use instructions provided by the manufacturer when they 'shocked' the pool while guests, including young children, were in the pool swimming.

4. As the families played in the pool, Bradley Kertz, a maintenance employee at Grand Plaza Hotel who at all times hereto was acting as Grand Plaza's agent and employee in furtherance of Grand Hotel's interests within the course and scope of his employment and under the doctrine of respondeat superior, conducted a routine treatment of the pool using ProGuard Calcium Hypochlorite Granular—a commercial grade pool cleaner—before heading home for

---

[2] *Grand Plaza Hotel Website*, https://grandplazabranson.com/ (last visited November 22, 2023).
[3] *Id.*

Electronically Filed - TANEY - February 01, 2024 - 04:03 PM

the day. However, despite the label's clear warnings to "KEEP OUT OF REACH OF CHILDREN" and instructions providing that "[f]or any application method you choose: *No one can be in the pool when chemicals are being added directly to the pool*," the Grand Plaza Hotel employee proceeded to scoop the chemicals directly into the pool where the families were swimming and playing, while also getting some of the chemicals directly on people in the pool.[4] As the maintenance employee negligently spread the chemicals into the pool with people present, Grand Plaza Hotel did not provide hotel guests with any warnings or instructions despite the label's warnings of fatality risks if ingested and "irreversible eye damage and skin burns."[5]

5. The families who were in the pool when the ProGuard chemicals were applied directly to the pool, immediately began having horrible adverse reactions to the exposure of harsh chemicals including, among other things, burning eyes, burning skin, chest tightness, wheezing, shortness of breath, coughing, sore throats, vomiting with blood, bloody noses, light headedness, bodily chills, and diarrhea. One child in particular, C.L., now suffers from permanent damage to her lungs and throat despite failed efforts made by medical providers and therapists to restore her to normal lung functioning.

6. The Grand Plaza Hotel is responsible for qualifying, hiring, training, and supervising its employees; using, storing and disposing of hazardous materials as recommended by the manufacturer; ensuring chemicals used are permissible under label directions; and safeguarding their guests from unsafe chemicals, materials, and items.

---

[4] ProGuard Calcium Hypochlorite Granular, Manufacturer Instructions for Use.
[5] *Id.*


Case 6:25-cv-03195-SRB Document 1-1 Filed 07/21/25 Page 3 of 12

Electronically Filed - TANEY - February 01, 2024 - 04:03 PM

7. During an investigation by Branson Police Department into the incident, it was discovered that, despite only logging the application of chemicals once that night, Grand Plaza Hotel actually shocked the pool on two separate occasions that night, prior to the pool's closure, *while* guests were swimming in the pool. This resulted in at least 12 children seeking medical attention and several others reporting experiencing symptoms without seeking treatment.

8. What happened to D.L., C.L., A.L., S.L., L.B., and H.P., L.B. was preventable. As a direct and proximate result of the actions and omissions of Grand Plaza Hotel, Plaintiffs D.L., individually and as Next Friend of C.L., A.L., and S.L., minor children; L.B., individually and as Next Friend of L.B., a minor child; and K.P., individually and as Next Friend of H.P., a minor child, sustained injuries and damages.

## II. PARTIES

9. Plaintiffs D.L., individually and as Next Friend of C.L., A.L., and S.L., minor children, are citizens and residents of Jefferson County, Missouri.

10. Plaintiffs L.B., individually and as Next Friend of L.B., a minor child, are citizens and residents of Jefferson County, Missouri.

11. Plaintiffs K.P., individually and as Next Friend of H.P., a minor child, are citizens and residents of Jefferson County, Missouri.

12. Defendant Grand Plaza Hotel, LLC, d/b/a Grand Plaza Hotel (hereinafter referred to as "Defendant") is a Missouri Corporation doing business in this State. The Defendant operates a hotel, located in Taney County at 245 N. Wildwood Drive, Branson, MO, 65616. Defendant may be served with process by serving its registered agent, Murad Ali Budhwani, at 245 N. Wildwood Drive, Branson, MO 65616.

Electronically Filed - TANEY - February 01, 2024 - 04:03 PM

## III. JURISDICTION & VENUE

12. Per RSMO 508.010, venue is proper in this Court and jurisdiction is proper.

## IV. ALLEGATIONS OF NEGLIGENCE AGAINST DEFENDANT GRAND PLAZA HOTEL

13. The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiffs were proximately caused by the negligent conduct of the Defendant.

14. At the time of the incident, D.L., individually and as Next Friend of C.L., A.L., and S.L., minor children; L.B., individually and as Next Friend of L.B., a minor child; and K.P., individually and as Next Friend of H.P., a minor child, were paying guests residing at the Grand Plaza Hotel and were thus "invitees" to whom Defendant owed a duty exercise ordinary care.

15. Defendant had a duty to maintain a safe environment for its guests to prevent harm and injury to D.L., C.L., A.L., S.L., L.B., H.P., and other hotel guests similarly situated. Defendant was negligent by breaching the duty that was owed to Plaintiffs, to exercise ordinary care in one or more of the following acts or omissions, constituting negligence:

a. Failing to exercise the care that was necessary under the circumstances;
b. Failing to do what a reasonable hotel and pool operator would have done under the same or similar circumstances;
c. Failing to maintain a safe environment for its guests;
d. Failing to safely maintain pool cleaning chemicals to protect the health and safety of hotel guests;

Electronically Filed - TANEY - February 01, 2024 - 04:03 PM

e. Failing to ensure hazardous materials are used, stored, and disposed of as recommended by the manufacturer;

f. Negligently exposing D.L., C.L., A.L., and S.L., L.B., and H.P. to harsh chemical in a manner not permissible under label instructions;

g. Failing to properly hire, qualify, train, and supervise its employees and staff on appropriate use of hazardous materials;

h. Failing to have proper policies and procedures regarding the use of pool cleaning materials; and

i. Failing to guard D.L., C.L., A.L., and S.L., L.B., and H.P., from exposure to dangerous chemicals, materials, and items.

16. Defendant had a duty to maintain a safe environment for its guests to prevent injury to D.L., C.L., A.L., and S.L., L.B., H.P., and other hotel guests similarly situated.

17. Defendant had a duty to hire, train, and supervise employees and staff to ensure the safety of D.L., C.L., A.L., and S.L., L.B., H.P., and other hotel guests similarly situated.

18. Defendant had a duty to use, store, and dispose of hazardous materials as recommended by the manufacturer.

19. Defendant breached the duty of care by failing to provide a safe environment for hotel guests; failing to use hazardous chemicals as recommended by the manufacturer; and failing to hire, train, and supervise qualified employees and staff on the proper handling and use of hazardous materials as recommended by manufacturer.

20. Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of potential harm to the Plaintiffs. Defendant had actual, subjective awareness of

the risk involved, but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiffs or of others similarly situated.

21. The foregoing conduct of Defendant directly caused or directly contributed to cause damage to each D.L., C.L., A.L., and S.L., L.B., and H.P. in the following ways:

a. Physical pain, injury and suffering to each plaintiff's body, skin and organs as detailed in the medical records and herein;

b. Mental and emotional distress;

c. Inconvenience;

d. Fear and anxiety;

e. Reasonable and necessary medical treatment in the past and future;

f. Loss of normal enjoyment of the pleasure of life;

g. Future and permanent pain and suffering;

h. Costs of suit; and

i. All other relief, in law and equity, to which Plaintiffs may be entitled.

22. Defendant's negligent acts and/or omissions and breach of duties directly and proximately caused injury to Plaintiffs, which resulted in significant damages.

## V. ALLEGATIONS OF NEGLIGENT HIRING/TRAINING AGAINST DEFENDANT GRAND PLAZA HOTEL

23. The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiffs were proximately caused by the negligence conduct of the Defendant.

24. Defendant had a duty to qualify, hire, and train its employees to maintain a safe environment for its hotel guests as to prevent harm and injury to D.L., C.L., A.L., and S.L., L.B.,


Electronically Filed - TANEY - February 01, 2024 - 04:03 PM

Electronically Filed - TANEY - February 01, 2024 - 04:03 PM

H.P., and other guests similarly situated. Defendant was negligent by breaching the duty that was owed to Plaintiffs, to exercise ordinary care in one or more of the following acts or omissions, constituting negligence:

a. Failing to exercise the care that was necessary under the circumstances by supplying too much chemical and hazardous materials;

b. Failing to do what a reasonable hotel and pool operator would have done under the circumstances;

c. Failing to properly hire, qualify, and train its employees on how to properly use hazardous materials;

d. Failing to supervise its employees to ensure the safety of their guests;

e. Failing to use hazardous chemicals as recommended by the manufacturer; and

f. Failing to maintain a safe environment, including the pool and hot tubs, for hotel guests.

25. Defendant had a duty to qualify and train caregiver employees to ensure safety and prevent injury to D.L., C.L., A.L., and S.L., L.B., H.P., and other guests similarly situated.

26. Defendant breached the duty of care by failing to properly qualify, hire, train, and supervise its employees.

27. The forgoing conduct of Defendant directly caused or directly contributed to cause damage to D.L., C.L., A.L., and S.L., L.B., and H.P.in the following ways:

a. Physical pain, injury and suffering to each plaintiff's body, skin and organs as detailed in the medical records and herein;

b. Mental and emotional distress;

Electronically Filed - TANEY - February 01, 2024 - 04:03 PM

c. Inconvenience;

d. Fear and anxiety;

e. Future and permanent pain and suffering;

f. Reasonable and necessary medical expenses in the past and future; and

g. Loss of enjoyment of the pleasures of life.

28. Defendant's negligent acts and/or omissions, and breach of duties, directly and proximately caused injury to Plaintiffs, which resulted in significant damages.

## VI. ALLEGATIONS OF NEGLIGENT SUPERVISION AGAINST DEFENDANT GRAND PLAZA HOTEL

29. The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiffs were proximately caused by the negligence conduct of the Defendant.

30. Defendant had a duty to supervise its employees to maintain a safe environment for its guests as to prevent harm and injury to D.L., C.L., A.L., and S.L., L.B., H.P., and other guests similarly situated. Defendant was negligent by breaching the duty that was owed to Plaintiffs, to exercise ordinary care in one or more of the following acts or omissions, constituting negligence:

a. Failing to exercise the care that was necessary under the circumstances;

b. Failing to do what a reasonable hotel and pool operator would have done under the circumstances;

c. Failing to maintain a safe environment for hotel guests;

d. Failing to supervise its employees to ensure the proper use hazardous materials in accordance with the manufacturer's instructions; and


Case 6:25-cv-03195-SRB Document 1-1 Filed 07/21/25 Page 9 of 12

Electronically Filed - TANEY - February 01, 2024 - 04:03 PM

e. Failing to properly supervise its employees with the trusted care and safety of its patrons.

31. Defendant had a duty to supervise its employees to ensure hotel guests were not subjected to hazardous chemicals as to prevent injury to D.L., C.L., A.L., and S.L., L.B., H.P., and other guests similarly situated.

32. Defendant breached the duty of care by failing to supervise its employees, failing to maintain a safe environment for hotel guests, and failing to adhere to the manufacturer's instructions for safe use of hazardous materials.

33. The foregoing conduct of Defendant directly caused or directly contributed to cause damage to D.L., C.L., A.L., and S.L., L.B., and H.P. in the following ways:

a. Physical pain, injury and suffering to each plaintiff's body, skin and organs as detailed in the medical records and herein;

b. Mental and emotional distress;

c. Inconvenience;

d. Fear and anxiety;

e. Reasonable and necessary medical expenses in the past and future;

f. Future and permanent pain and suffering; and

g. Loss of enjoyment of the pleasure of life.

34. Defendant's negligent acts and/or omissions, and breach of duties, directly and proximately caused injury to Plaintiffs, which resulted in significant damages.

**PRAYER**


Case 6:25-cv-03195-SRB Document 1-1 Filed 07/21/25 Page 10 of 12

Electronically Filed - TANEY - February 01, 2024 - 04:03 PM

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendant be cited to appear and answer herein and upon final hearing hereof, they take, have and recover, of and from said Defendant, the above damages in excess of $25,000 for each plaintiff, exemplary damages, costs of court, pre-judgment interest, post-judgment interest, and for such other and further relief to which they may show themselves justly entitled.

Dated: 2/1/24.

Respectfully submitted,

FINNEY INJURY LAW

*/s/ Christopher J. Finney*
Christopher J. Finney, #62888
Alexander L. Ledbetter, #70194
Ryan M. Campbell, #69030
1600 S. Brentwood Blvd., Suite 220
St. Louis, Missouri 63144
Phone: 314.293.4222
Fax: 314.754.9477
chris@finneyinjurylaw.com
alex@finneyinjurylaw.com
ryan@finneyinjurylaw.com

*Attorneys for Plaintiffs*

*and*

Russell T. Button
State Bar No. 24077428

Russell@buttonlawfirm.com
Ashley D. Washington
State Bar No 24102030
Ashley@buttonlawfirm.com
4315 W. Lovers Lane, Suite A
Dallas, Texas 75209
T: 214-888-2216
F: 214-481-8667

*Attorneys for Plaintiffs* ***- Requests for pro hac vice forthcoming***

Electronically Filed - TANEY - February 01, 2024 - 04:03 PM